# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>SCOTT MICHAEL HARRY,<br><br>    Defendant. | No. 17-CR-1017-LTS<br><br>**SUPPLEMENTAL REPORT AND RECOMMENDATION TO DENY DEFENDANT'S MOTION TO SUPPRESS** |

_____

## I.  INTRODUCTION

The matter before the Court is defendant's Supplemental Motion to Suppress evidence and statements allegedly obtained in violation of the Fourth Amendment of the United States Constitution.  (Doc. 53).  The grand jury charged defendant in a one-count indictment with Possession with Intent to Distribute Methamphetamine in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 851.  (Doc. 2).  The charge arose from evidence found during a traffic stop of the vehicle defendant was driving on February 10, 2017.  (Doc. 20).

On July 24, 2017, defendant filed his initial motion to suppress, arguing that the officer who conducted the search, Dubuque County Deputy Daniel Kearney, did not have probable cause or reasonable suspicion to stop the vehicle.  (Doc. 20-1).  Defendant did not challenge any events that occurred subsequent to the actual stop of the vehicle, including the validity of the canine search at issue here.  (Doc. 34).  I filed a report and recommendation to deny defendant's motion on August 8, 2017.  (*Id.*).  I concluded that Deputy Kearney had probable cause to believe that defendant was speeding and therefore, had authority to stop the vehicle.  (*Id.*).  In addition, I determined that the stop was

justified because, based on a tip from a confidential informant, Deputy Kearney had reasonable suspicion to believe criminal activity was afoot. (*Id.*).

Defendant filed a timely objection to the report and recommendation on September 27, 2017. (Doc. 49). That same day, defendant moved to resubmit his motion to suppress and requested that the Court allow him to plead an additional substantive violation of the Fourth Amendment. (Doc. 48). Defendant argued that Deputy Kearney violated the Supreme Court's holding in *Rodriguez v. United States*, 135 S.Ct. 1609 (2015), by delaying the traffic stop to conduct a canine search. (*Id.*).

The United States resisted defendant's motion to resubmit (Doc. 50) and his amended motion to suppress. (Doc. 52). The United States argued that "(1) *Rodriguez* is inapposite because officers had reasonable suspicion of ongoing drug activity; and (2) even under *Rodriguez*, the time between the stop and the beginning of the dog sniff did not constitute an impermissible extension of the stop." (Doc. 52-1).

On October 13, 2017, defendant filed a supplemental motion to suppress (Doc. 53) and brief in support of his motion. (Doc. 53-1). A hearing on defendant's motion was held that same day. For the reasons that follow, I respectfully recommend that the Court deny defendant's supplemental motion to suppress.

## II.   FINDINGS OF FACT

The Court adopts the factual findings set forth in its Report and Recommendation to Deny Defendant's Motion to Suppress. (Doc. 34). In addition, the Court finds the following facts are relevant to its current analysis.

On February 10, 2017, at approximately 12:50 p.m., Deputy Kearney stopped the vehicle driven by defendant in Dubuque County, Iowa. Deputy Kearney is the Dubuque County Sheriff canine officer and at the time of the stop, he had a canine in his patrol car with him. At 12:51 p.m., Deputy Kearney spoke with the driver about the speeding violation, obtained defendant's driver's license in relation to that mission, and returned to the patrol car. At 12:52 p.m., Deputy Kearney discussed conducting a canine search

with Investigator Adam Williams, who was also present at the scene to advance the drug investigation. At approximately 12:52:54 p.m., Deputy Kearney removed the canine from the patrol car and had the canine conduct a sniff search of the vehicle's exterior. The canine hit on the vehicle at approximately 12:53:17 p.m. Deputy Kearney placed the dog back in the patrol car at approximately 12:53:55 p.m.

At 12:55 p.m., Deputy Kearney instructed defendant to exit the vehicle, patted defendant down, and placed him in the patrol car. At 12:58 p.m., Deputy Kearney continued to process the traffic violation, advising defendant that he would issue him a warning rather than a traffic citation. Deputy Kearney then proceeded to write defendant a warning ticket while Investigator Williams physically searched the bed of the pickup truck. Investigator Williams located methamphetamine inside a PCV pipe that was lying in the bed of the pickup truck at 1:03 p.m.

At 1:16 p.m., Investigator Williams read defendant his Miranda rights and began to question him. Defendant initially denied knowledge of the drugs, but later made several incriminating statements.

### III. ANALYSIS

As a preliminary matter, the Court notes that it continues to recommend the adoption of its prior determination that Deputy Kearney had sufficient reasonable suspicion of ongoing drug activity to stop defendant. If Deputy Kearney had reasonable suspicion, the seizure of defendant while Deputy Kearney conducted a canine sniff search was constitutional. *Rodriguez*, 135 S.Ct. at 1615. However, because defendant's objection to the Court's prior report and recommendation remains pending, the Court will analyze defendant's supplemental suppression argument as if the officers did not have reasonable suspicion of criminal activity. The issue is therefore, whether, under *Rodriguez*, Deputy Kearney's use of the canine to search the exterior of the vehicle during a traffic stop for speeding, violates the Fourth Amendment of the United States Constitution. For the reasons that follow, I conclude the canine search did not violate

defendant's Fourth Amendment rights and therefore, respectfully recommend that defendant's Supplemental Motion to Suppress be denied.

The Fourth Amendment to the United States Constitution protects against "unreasonable searches and seizures." U.S. CONST. amend. IV. A traffic stop is a Fourth Amendment seizure of the driver. *Brendlin v. California*, 551 U.S. 249, 251 (2007). The Court has held that the duration of a traffic stop is reasonable if it lasts no longer than is reasonably necessary to effectuate the purpose of the stop. *Rodriguez v. United States*, 135 S. Ct. 1609, 1614 (2015). "Authority for the seizure thus ends when tasks tied to the traffic infraction are—or reasonably should have been—completed." *Id*.

Police, however, are not precluded from conducting unrelated investigations, such as a dog sniff, during an ordinary roadside detention. *Id*. at 1614-15. In *Rodriguez v. United States*, the Court held that the critical inquiry in determining the reasonableness of an unrelated investigation, is whether conducting the investigation "prolongs" the stop beyond the "time reasonably required to complete [the stop's] mission." *Id*. at 1616 (internal citations omitted).

### A. Under Rodriguez, the Court must determine whether the canine search unreasonably prolonged the traffic stop

Defendant asserts that *Rodriguez* stands for the proposition that any time an officer pauses tasks tied to the traffic infraction in order to complete a canine sniff search, thereby inherently adding time to the duration of the traffic stop, a Fourth Amendment violation has occurred. (Doc. 48, at 4). The important fact, according to defendant, is that after obtaining defendant's license, Deputy Kearney did not *immediately* begin to process a traffic ticket, but instead proceeded with a canine sniff search. (Doc. 53-1, at 5). Defendant argues that under these facts, Deputy Kearney "ignored the reason for the traffic stop," and therefore, "added time to the stop" in violation of *Rodriguez.* (*Id.*, at 4-5).

Defendant's reading of *Rodriguez* is too narrow. Under defendant's interpretation, any time a police officer suspends the traditional activities associated with a traffic stop, even momentarily, to facilitate a canine search, the officer has violated the Fourth Amendment. However, the Fourth Amendment protects against *unreasonable* seizures, and therefore, an examination of the reasonableness of the officer's actions is necessary to determine whether a hiatus in effectuating "the purpose" of the stop is unconstitutional. *See United States v. Wilson*, 662 F. App'x 693, 696 (11th Cir. 2016) (courts must look to the totality of the circumstances to determine if a dog sniff unreasonably prolongs traffic stop); *United States v. Hill*, 852 F.3d 377, 381 (4th Cir. 2017) ("In evaluating the reasonableness of a stop, we consider 'what the police in fact do,' and whether the officers acted reasonably under the totality of the circumstances presented to them") (quoting *Rodriguez*, 135 S.Ct. at 1616); *State v. Gasser*, 2016 WL 6461930, No. 16CA0046-M, at *1 (Ohio Ct. App. Oct. 31, 2016) ("the court must evaluate the duration of the stop in light of the totality of the circumstances and consider whether the officer diligently conducted the investigation") (internal quotations omitted).

The reasonableness of an officer's actions that are unrelated to the traffic stop's purpose will necessarily vary upon a consideration of all relevant factors. The amount of time the officer spends on the unrelated investigation is relevant. *See Rodriguez*, 135 S.Ct. at 1615 ([t]he seizure remains lawful only 'so long as [unrelated] inquiries do not *measurably extend* the duration of the stop'") (quoting *Arizona v. Johnson*, 55 U.S. 323, 333 (2009)) (emphasis added). A canine sniff search that adds thirty minutes to a traffic stop is inherently less reasonable than a sniff search that adds one minute to the duration of the stop. On the other hand, a delay of a few minutes for an officer to call for a K-9 handler to come to the scene, would not be unreasonable. In addition, "[i]t is appropriate to examine whether the police diligently pursued" the purpose of the stop. *Id.* at 1614 (quoting *United States v. Sharpe*, 470 U.S. 675, 686 (1985)). These are not the only two

relevant factors and the circumstances surrounding a particular traffic stop may further impact the reasonableness of the officer's actions.[1]

### B. Officer Kearney's actions in conducting the canine search were not unreasonable and therefore, did not violate the Court's holding in Rodriguez

*United States v. Feuhrer* is the only relevant Eighth Circuit case decided under *Rodriguez*. 844 F.3d 767 (8th Cir. 2017). In that case, the officer asked the defendant to sit in the patrol car while he completed paperwork. *Id.* at 773. A second officer then conducted a canine sniff search. *Id.* After a very brief analysis, the Eighth Circuit held that *Rodriguez* was not violated because "there [was] no evidence that the dog sniff unlawfully prolonged the traffic stop beyond what was necessary to complete the stop." It distinguished *Rodriguez* on the fact that there, the officers issued a warning *before* conducting the canine sniff, whereas the *Feuhrer* officers had not yet issued a citation at the time of the sniff. *Id.* However, the *Rodriguez* Court specifically held that "whether the dog sniff occurs before or after the officer issues a ticket" does not determine whether the seizure was constitutional. 135 S.Ct. at 1616. Therefore, because the *Feuhrer* Court relied on this distinction, its decision provides little guidance in analyzing the case at hand.

The United States directs the Court's attention to the Seventh Circuit's holding in *United States v. Guidry*, 817 F.3d 997 (7th Cir. 2016). In *Guidry*, after obtaining the defendant's license, Officer Dustin Fickett returned to his patrol car and "immediately called" a canine officer to request that she come to the scene. *Guidry*, 817 F.9d at 1001. While Officer Fickett waited for the canine to arrive, he processed the defendant's

---

[1] For example, an officer's knowledge that the driver is a convicted drug dealer may impact the reasonableness of an unrelated investigation. Likewise, it may be reasonable for an officer who has received a tip that the driver is carrying contraband to delay processing a traffic ticket in order to investigate. However, I emphasize that I did not take into consideration the confidential informant's tip that defendant was carrying drugs in evaluating the case under *Rodriguez*.

6

paperwork and called for additional backup. *Id.* When the canine officer arrived five minutes later, Officer Fickett was still preparing the defendant's citation. *Id.*, at 1005. Officer Fickett "checked in" with the canine officer, who then conducted a canine sniff of the vehicle. *Id.* at 1001. The Seventh Circuit held that the traffic stop was not prolonged "in any meaningful way," and therefore, the officers' actions did not violate *Rodriguez. Id.* at 1005. Thus, at least under the Seventh Circuit's interpretation of *Rodriguez*, it is reasonable for an officer to pause tasks related to the mission of the traffic stop to call for a canine unit and "check in" with the canine officer.

There is no significant difference between Officer Fickett's actions in *Guidry* and Deputy Kearney's actions in the case at hand. After returning to his vehicle with the defendant's license, Officer Fickett immediately suspended the mission of the traffic stop in order to call for a canine unit. Deputy Kearney similarly suspended his mission, however, because Deputy Kearney had a canine in his vehicle, he was not required to call for a canine unit and simply conducted the search himself. Under both circumstances, the officers' conduct was reasonable.

The duration of the unrelated dog sniff was also reasonable as it did not "measurably extend" the duration of the traffic stop. *See Johnson*, 55 U.S. at 333. *See also United States v. Hill, 852 F.3d 377, 382 (4th Cir. 2017)* (two-minute pause in purpose of stop to search additional database was not unreasonable); *United States v. Roberts*, 687 F.3d 1096, 1099 (8th Cir. 2012) ("Following a traffic stop, police officers may conduct "a number of routine but somewhat time-consuming tasks related to the traffic violation, such as computerized checks of the vehicle's registration and the driver's license and criminal history, and the writing up of a citation or warning.") (internal quotation omitted); *United States v. Williams-Davis*, No. 2:14-CR-04072-SRB-1, 2015 WL 6942499, at *2 (W.D. Mo. Nov. 10, 2015) (two-minute pause to conduct dog sniff does not violate *Rodriguez*). Deputy Kearney returned to his patrol vehicle with defendant's license at 12:51:45 p.m. He exited the vehicle with the canine one minute

7

later, and the canine hit on the vehicle at 12:53:17 p.m. Thus, just two and a half minutes passed between the time that Deputy Kearney "paused" the mission of the traffic stop and the time that the canine hit on the vehicle, giving rise to reasonable suspicion which authorized any further detention of defendant. This interruption in the processing of defendant's traffic warning did not measurably extend the duration of the traffic stop beyond the time reasonably required to complete the mission of the stop and therefore, did not constitute an unreasonable search and seizure under the Fourth Amendment. Defendant's interpretation of *Rodriguez* would require officers who pulled over a car for speeding to proceed with the processing of the ticket in a single-minded mission without the slightest delay or diversion into other possible criminal violations. The Fourth Amendment is not so rigid.

Defendant argues that the amount of time that passed "has no bearing on the *Rodriguez* analysis." (Doc. 53-1, at 5). However, courts that have decided cases under *Rodriguez* consistently examine the duration of the delay to determine the reasonableness of an unrelated investigation. *See e.g.*, *Hill*, 852 F.3d at 382 (two-minute delay "does not support an inference that the stop was extended unlawfully"); *United States v. Petrakis*, No. 3:15-CR-17-J-32JRK, 2016 WL 5341992, at *21 (M.D. Fla. Sept. 15, 2016) (*Rodriguez* not violated when total duration of stop remains reasonable); *United States v. Smith*, No. 2:16-CR-0020-DN, 2016 WL 4761315, at *6 (D. Utah Sept. 12, 2016) (denying motion to suppress when officer "ran the dog within the time it would reasonably take to complete the traffic stop"). An analysis that disregards the amount of time an officer spends on unrelated inquiries, would preclude officers from ever calling for a canine unit because even a twenty-second "pause" in pursuing the mission of the traffic stop, to call for a canine unit, would be unconstitutional. The holding in *Illinois v. Caballes*, that officers may conduct unrelated canine sniffs during a traffic stop, would essentially be rendered moot, as no officer would ever be able to discuss a canine sniff with his partner or place a call to request a canine without violating the Fourth

Amendment. *See Illinois v. Caballes*, 543 U.S. 405, 409 (2005). If an officer may pause the processing of a ticket long enough to call for a canine officer, a task that reasonably may take a few minutes, there is no principled way to distinguish that conduct for an equally short pause for the officer to conduct the canine sniff when, as here, the officer is a canine officer.

Finally, there is no evidence that Deputy Kearney did not diligently pursue the mission of the traffic stop. "While diligently pursuing the purpose of a traffic stop, officers also may engage in other investigative techniques unrelated to the underlying traffic infraction or the safety of the officers." *Hill*, 852 F.3d at 382 (citing *Rodriguez*, 135 S.Ct. at 1614-15). Deputy Kearney stopped defendant after determining that he was speeding. He discussed the speeding infraction with defendant and collected defendant's license. Although he delayed processing defendant's warning to conduct a canine search, which lasted approximately one minute, after the sniff search Deputy Kearney returned to the mission of the traffic stop by asking defendant to step out of the vehicle and later writing a warning while Investigator Williams physically searched the vehicle. (Doc. 53-1, at 2). *See Rodriguez*, 135 S.Ct. at 1615-16 ("officer['s] safety interest stems from the mission of the stop itself"); *Pennsylvania v. Mimms*, 434 U.S. 106, 111 n. 6 (1977) ("once a motor vehicle has been lawfully detained for a traffic violation, the police officers may order the driver to get out of the vehicle without violating the Fourth Amendment's proscription of unreasonable searches and seizures"). Under these circumstances, Deputy Kearney's actions were reasonable and did not violate defendant's Fourth Amendment rights.

## IV. CONCLUSION

Under the totality of the circumstances, Deputy Kearney's use of a canine to conduct a sniff search of defendant's vehicle was reasonable and therefore did not violate *Rodriguez*. The sniff search did not measurably extend the duration of the stop and there is no evidence that Deputy Kearney was not reasonably diligent in pursuing the mission

of the traffic stop. "[R]easonableness is always the touchstone of Fourth Amendment analysis," *Birchfield v. North Dakota*, 136 S. Ct. 2160, 2186 (2016), and in this case, Deputy Kearney's use of a canine to search defendant's vehicle was reasonable. Therefore, I respectfully recommend that the Court deny defendant's Supplemental Motion to Suppress.

Objections to this Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Crim. P. 59(b) must be filed within fourteen (14) days of the service of a copy of this Report and Recommendation. Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. *See* Fed. R. Crim. P. 59. Failure to object to the Report and Recommendation waives the right to *de novo* review by the district court of any portion of the Report and Recommendation as well as the right to appeal from the findings of fact contained therein. *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

**IT IS SO ORDERED** this 23rd day of October, 2017.

_____
C.J. Williams
Chief United States Magistrate Judge
Northern District of Iowa